IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES, | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | CR No. 2-73 |
| | ) | |
| DELGARDO SCOTT, | ) | |
| Defendants. | ) | |

AMBROSE, District Judge

# OPINION
### and
# ORDER OF COURT

In this criminal matter, Defendant has filed a Motion for Summary Judgment, captioned "Delgardo Scott v. Ted Johnson, Chief (USPO.)" Defendant contends that he caused to be sent to Mr. Johnson a contract agreement. That document stated that silence would constitute Mr. Johnson's agreement to certain facts that would impact Defendant's sentence, and to pay Defendant a specified sum. Defendant did not receive a response to his overture and now seeks to enforce the terms of his document.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004).

Under applicable standards, even accepting all of Defendant's allegations as true, he is not entitled to the judgment he seeks. In the first instance, Mr. Johnson is not a party to the criminal action in which the Defendant filed his Motion. Accordingly, this Court does not have the authority to enter any order against Mr. Johnson in this action. Second, basic contract principles require an offer and acceptance of that offer before a contract becomes enforceable. Under Pennsylvania law, it is well settled that a mere failure to respond to an offer does not constitute acceptance. See Solis-Cohen v. Phoenix Mut. Life Ins. Co., 198 A.2d 554, 636 (Pa. 1964). For these reasons, Defendant's Motion must be denied.

AND NOW, this 18th day of January, 2012, it is hereby ORDERED, ADJUDGED AND

DECREED that the Defendant's Motion for Summary Judgment (Docket No. 569) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court